IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03123-PAB-BNB

GORDON HOWARD,

      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

      Defendant.

---

**ORDER**

---

      This matter is before the Court on the Motion for Attorney's Fees [Docket No. 12] filed by plaintiff Gordon Howard.  The motion is fully briefed and ripe for disposition.

## I.  BACKGROUND

      On December 1, 2011, plaintiff filed a complaint [Docket No. 1] against defendant Midland Credit Management, Inc. alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  In his complaint, plaintiff sought damages and reasonable attorney's fees and costs pursuant to § 1692k(a).  On December 12, 2011, defendant served plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, which plaintiff accepted on December 29, 2011 [Docket No. 7].  On January 3, 2012, judgment entered in favor of plaintiff and against defendant in the amount of $1001.00, plus plaintiff's costs and reasonable attorney's fees [Docket No. 9].

In the instant motion, plaintiff requests $3,690.00 in attorney's fees based on 12.3 hours of work provided by his attorney, David M. Larson, at an hourly rate of $300.00.  Defendant opposes the motion for attorney's fees and challenges Mr. Larson's hourly rate, the number of hours worked by Mr. Larson, and the inclusion of hours worked for various tasks defendant asserts are clerical in nature.

## II.  ANALYSIS

Section 1692k(a) of the FDCPA provides that a successful plaintiff may seek from defendant a "reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

As noted above, defendant objects to plaintiff's billing rate and the number of hours worked by his attorney.  The Court addresses each objection in turn.

### A.   Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the

requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy his burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In support of his attorney's hourly rate, plaintiff relies on (1) Mr. Larson's ten years of experience litigating FDCPA cases and his participation in several National Consumer Law Center Conferences, (2) decisions from this District finding that a rate of $250.00 per hour is reasonable for consumer law advocates, and (3) an affidavit submitted by attorney Richard Wynkoop. Docket No. 12 at 7-10. The Court finds that none of this evidence establishes that the prevailing market rate for attorneys with Mr. Larson's experience is $300.00 per hour.

First, although Mr. Larson has experience litigating over 1,300 FDCPA cases, lecturing at Continuing Legal Education seminars, and participating at National Consumer Law Center Conferences, this does not, by itself, establish the reasonableness of an hourly rate of $300.00. This evidence establishes only the relevant basis of comparison when determining the prevailing market rate for similarly situated attorneys in the State of Colorado.

Second, plaintiff's citation to one case from this District wherein Mr. Larson was retained at a rate of $300.00 per hour for an FDCPA case is insufficient to establish the prevailing market rate. Docket No. 12 at 7, ¶ 17. In that case, Mr. Larson was hired, without objection, on the behalf of a Trustee in Bankruptcy and there is no indication

that a judicial determination found $300.00 per hour indicative of the prevailing market rate.  *See In re Carolina Galvan*, 11-23769-MER, Docket Nos. 35-37 (Bankr. D. Colo. Oct. 19, 2011).  On the contrary, the majority of recent authority from this District has found that a reasonable attorney's fee for an attorney with Mr. Larson's experience and skill is $250.00 per hour.  *See, e.g., Johnson v. Midland Credit Management, Inc.,* 11-cv-02864-RPM-MEH*, Docket No. 14 (D. Colo. Feb. 27, 2012); *Feder v. Midland Credit Management, Inc.,* 11-cv-02872-JLK, 2012 WL 266417, *1 (D. Colo. Jan 30, 2012); *Varley v. Midland Credit Management, Inc.,* 11-cv-02807-REB-MJW, Docket No. 16 (D. Colo. June 11, 2012).  Thus, plaintiff's own evidence shows that the prevailing market rate for attorneys with Mr. Larson's skill and experience is $250.00 per hour.

Third, Mr. Wynkoop's affidavit is unpersuasive.  Mr. Wynkoop claims that an hourly rate of $300.00 per hour is reasonable because (1) Mr. Wynkoop and other unidentified Colorado consumer law attorneys charge their clients $300.00 per hour for their services, (2) the rate is consistent with Ron Burdge's national survey of consumer law advocates, and (3) the rate is consistent with the most recent Laffey Matrix.  Docket No. 12-1 at 3-4.

The fact that Mr. Wynkoop charges his clients at the rate of $300.00 per hour for his services does not establish that $300.00 per hour is the prevailing market rate for consumer law advocates in the State of Colorado.  Mr. Wynkoop does not reveal the identity of other "similarly qualified attorneys in Colorado."  Moreover, Mr. Burdge's survey indicates that it "does not take into consideration the factors of the degree of concentration or years of practice, among other things, all of which will have a large

impact on any particular person's hourly rate." *See* Ronald L. Burdge, United States

Consumer Law Attorney Fee Survey Report 2010-2011 at 12, *available at*

www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf.  Given that

plaintiff's argument for an attorney fee of $300.00 per hour rests on Mr. Larson's years

of experience and degree of concentration in FDCPA cases, two factors not taken into

account by the survey, the Court finds that Mr. Burdge's survey provides very little

support in establishing the prevailing market rate.  *See White v. Cavalry Portfolio*

*Services, LLC*, No. 11-cv-02217-LTB-BNB, 2012 WL 899280, at *2 (D. Colo. March 16,

2012).

      Furthermore, the Laffey Matrix does not adequately establish the prevailing rate

for consumer law advocates in Colorado.  The Laffey Matrix establishes rates for

attorneys and paralegals under fee-shifting statutes, such as 42 U.S.C. § 2000e-5k,

based on the number of years since graduation from law school.  *Rooths v. District of*

*Columbia*, 802 F. Supp. 2d 56, 61 (D.D.C. 2011).  The Laffey Matrix is typically used to

determine legal fees in the Washington D.C. or Baltimore area.  *See*

www.laffeymatrix.com.  Although the matrix can be adjusted for different regions, courts

in other districts have found that the Laffey Matrix is not "more helpful than the rates

actually used by other courts or the rates of law firms."  *Fitzgerald v. City of Los*

*Angeles*, 2009 WL 960825, at *11 (C.D. Cal. 2009).  The Fourth Circuit recently held

that a district court abused its discretion in awarding hourly rates requested by a

plaintiff's counsel based only on affidavits from her own counsel and the Laffey Matrix.

*See Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 245-46 (4th Cir.

2009) (finding that, in a Fair Credit Reporting Act case, the Laffey Matrix was not a

reliable indicator of hourly rates for litigation attorneys in Alexandria, Virginia as the

Matrix applies only to Washington D.C. attorneys).  Consequently, because Mr.

Burdge's survey and the Laffey Matrix are not indicative of the prevailing rate in

Colorado, Mr. Wynkoop's affidavit does not sufficiently establish a prevailing market

rate of $300.00 per hour for attorneys with Mr. Larson's experience.

Plaintiff argues that Mr. Larson's rate of $250.00 has not increased since 2008

despite Mr. Larson gaining significant experience since that time.  However, plaintiff's

evidence does not establish that an increase in compensation is currently warranted.

The lodestar standard does not envision consideration of Mr. Larson's experience in a

vacuum, and the majority of the evidence establishes that the prevailing rate in

Colorado remains $250.00 per hour.  Accordingly, the Court concludes that $250.00 is

a reasonable hourly rate in this district for attorneys with the same skill and experience

as Mr. Larson.[1]

## B.   Number of Hours

In determining the reasonableness of the hours expended, a court considers

several factors.  First, it considers whether the fees pertain to tasks that would ordinally

be billed to a client.  *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983),

*overruled on other grounds by Penn. v. Del. Valley Citizens Council for Clean Air*, 483

---

[1]This holding is consistent with other decisions from this District.  *See, e.g., Skaer v. Nat'l Action Fin. Services, Inc.*, 08-cv-00422-REB-MJW, 2009 WL 724054 (D. Colo. Mar. 18, 2009); *Babeon v. Nat'l Action Fin. Services, Inc.*, 08-cv-00027-JLK-CBS; *Miller v. Cavalry Portfolio Services, LLC*, 08-cv-00772-ZLW-KLM; *Ocker v. Nat'l Action Fin. Services, Inc.*, 08-cv-00421-REB-MJW; *Harper v. Phillips & Cohen Associates, LTD*, 08-cv-01500-REB-KLM.

U.S. 711, 717 n. 4 (1987).  Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).  If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement.  *Id*.  A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering.  *Id*. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses.  *Ramos*, 713 F.2d at 553.

Defendant argues that plaintiff seeks an unreasonable number of attorney hours. Specifically, defendant claims that, in addition to time billed by Mr. Larson for what amounts to clerical tasks, plaintiff's fee request contains excessive and duplicative entries.  Docket No. 15 at 9.  Defendant requests a reduction in plaintiff's fee request from $3,690.00 to $2,460.00 based on the $300.00 hourly rate.  Docket No. 15 at 14. In other words, defendant requests a reduction of 4.1 hours from plaintiff's demand of 12.3 hours worked.

In *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989), the Supreme Court found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them."  *Id*. at 288 n. 10.  The Court

reasoned that such non-legal work may command a lesser rate, but its "dollar value is not enhanced just because a lawyer does it." *Id.*

A review of defendant's time entries reveals that one hour of plaintiff's fee request is devoted to non-compensable clerical or administrative tasks, namely, e-filing court documents, converting documents into PDFs, and sending emails to the Court regarding service of process. *See Jenkins*, 491 U.S. at 288 n.10. Additionally, the Court finds that the .2 hours spent on a phone call with Mr. Wynkoop is duplicative because Mr. Wynkoop files affidavits in all of Mr. Larson's cases and there is no explanation of how each of these conversations differ in every case. Moreover, the Court further subtracts one hour because some of the time entries spent on emails, phone calls, and reviewing one line minute orders are redundant, and otherwise unnecessary, *Hensley*, 461 U.S. at 434, and because this case did not resolve complex or otherwise complicated issues. Defendant filed an Offer of Judgment 11 days after plaintiff filed the complaint and plaintiff accepted the Offer of Judgment within 28 days of filing the complaint. Prior to the entry of judgment, plaintiff's attorney was not required to perform substantial legal work outside of drafting the complaint, serving defendant, and drafting the Rule 68 Offer of Judgment. Accordingly, the Court concludes that the reasonable number of hours spent by plaintiff's attorney in this case is 10.1 hours.

### C. Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorney's fee request is $2,525.00 (10.1 hours multiplied by a

$250.00 hourly rate).  This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys.  *Blum*, 465 U.S. at 893-94.

To the extent plaintiff requests additional attorney's fees for litigating the attorney fee issue, the Court denies such request as plaintiff's motion was largely unsuccessful. Although recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled, *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986), plaintiff does not establish why these fees should be included when the arguments made in the request have been rejected.  *See Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994) (finding that, while an attorney is generally allowed to recover fees for work in seeking attorney fees, a district court has discretion to deny award for those hours if the underlying claim for fees is unreasonable); *see also Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.") (citation and internal quotations omitted).  Accordingly, the Court will deny plaintiff's request for an additional three hours of attorney's fees in connection with the reply to the motion for attorney's fees.

## III.  CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's Motion for Attorney's Fees [Docket No. 12] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that plaintiff Gordon Howard shall be awarded $2,525.00 in

attorney's fees.

DATED September 24, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge